FILED
OCT 1 4 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMILTON, an individual,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>LINCOLN MARINERS ASSOCIATES LIMITED, dba MARINERS COVE APARTMENT HOMES, a limited liability company; AIMCO-GP, INC, a corporation; MARIBEL ROBLES, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　Defendant. | CASE NO. 14cv1689-WQH (NLS)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants. (ECF No. 3).

## I. Background

On June 11, 2014, Plaintiff James Hamilton commenced this action by filing the Complaint in San Diego County Superior Court. (ECF No. 1 at 9). On July 17, 2014, Defendants Lincoln Mariners Associates Limited, dba Mariners Cove Apartment Homes ("Mariners Cove"), Aimco-GP, Inc. ("Aimco"), and Maribel Robles (collectively "Defendants") removed to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2). On July 24, 2014, Defendants filed the Motion to Dismiss. (ECF No. 3). On August 19, 2014, Plaintiff filed an opposition. (ECF No. 4). On August 26, 2014, Defendants filed a reply. (ECF No. 5).

## II. Allegations of the Complaint

Since February 2012, Plaintiff has been a resident of 4330 West Point Loma Boulevard, leased by Mariners Cove. Plaintiff has been diagnosed by the Veterans Administration with Post Traumatic Stress Disorder ("PTSD") "with a 100% disability rating" and "degenerative arthritis, bulging discs, and chronic pain in the lower lumbar of the back and spine" with a disability rating of 50%. (ECF No. 1 at 12). "Plaintiff notified Defendants of his disabilities in February, 2012. He later reminded them of his disabilities, including, but not limited to, the date of approval of his parking space assignment, and at the times Plaintiff made complaints about the dumpster noise, dumpster smell, and parking lot traffic. *Id.*

When Plaintiff first signed a lease with Mariners Cove, he requested a three bedroom apartment. Plaintiff was told he would be placed on a waiting list and would be notified when a three bedroom apartment became available. Plaintiff later learned that a three bedroom apartment had become available, but he witnessed new tenants moving into that apartment. "Defendants then disclosed that there was not, in fact, a waiting list, and that the prior representation was false." *Id.* at 12. When Plaintiff complained to corporate customer relations about this "false representation," "the necessity to have the dumpster relocated," and his disability, Defendants failed to accommodate him and instead retaliated. *Id.*

Plaintiff also complained to Mariners Cove about electrical, plumbing, and mechanical violations in the building, "unsatisfactory disabled access (raised sidewalks and limited parking spaces), substandard housing conditions, excessive noise (especially around the dumpster), fire hazards regarding excessive leaves and tree debris in the gutter systems and on the roofs," and lack of appropriate security. *Id.* at 13. Plaintiff also complained about landscaping and lawn maintenance activities "as early as 6:30 a.m.," but "Mariners Cove has refused to limit the landscaping and maintenance activities to reasonable hours." *Id.* at 14.

Plaintiff also complained about other tenants violating their leases by exceeding

maximum permitted pet provisions, allowing animals to "wander unchecked and unleashed in the common areas," owning dog breeds not permitted on the property, and smoking cigarettes and marijuana. *Id.* at 13-14. Mariners Cove has ignored all of these complaints.

"On September 1, 2013, a theft occurred at the main leasing office where the perpetrator stole residents' files (including Plaintiff's). However, Mariners Cove failed to notify Plaintiff of the breach of security and theft of Plaintiff's personal information for twenty (20) days, when a notice dated September 20, 2013 was finally provided." *Id.* at 13. In order to accommodate his PTSD, Plaintiff installed security cameras at his unit. "In response to Plaintiff's installation of security cameras to monitor his door stoop, stairs, and parking space, Mariners Cove, including, but not limited to Maribel Robles, threatened and harassed him with legal action and eviction." *Id.* at 15.

Plaintiff has also been denied requests to install a tarp over his balcony and a washer/dryer in his unit, even though others tenants have been permitted to do so.

> On March 18, 2014, Mariners Cove (and specifically, Maribel Robles) provided Plaintiff notice that his lease would not be renewed without providing any explanation, even though he had been a tenant in excess of two (2) years, and entitled by law to be offered a renewal of his lease under similar terms pursuant to San Diego Municipal Ordinance § 98.0701 et seq. On May 6, 2014, Plaintiff was given a notice of intent to perform a pre-move out inspection. Although Plaintiff also fully paid his rent for the month of June, 2014, Maribel Robles issued a Three Day Notice to Pay Rent or Quit on June 4, 2014. Also on June 4, 2014, Plaintiff was finally provided a renewal of his lease, but only after the expiration of the prior lease, and thus forcing Plaintiff into a month to month lease with a $300.00 increase until such time as he accepted the lease renewal. Plaintiff was told that he would be assessed fees if he failed to give at least 60 days notice of his intent not to renew his lease.
>
> Plaintiff has also complained to Mariners Cove that the tenants in apartment 4332 F continue to create excessive noise, permit their children to play outside unsupervised (which results in the children playing "ding dong ditch), playing in the parking lot area and around the dumpsters, all of which exacerbate Plaintiff's PTSD disability. Despite Plaintiff's repeated complaints, Mariners Cove refused to take any action, and instead issued to Plaintiff a Non-Renewal/Termination Notice (in violation of San Diego Municipal Ordinance § 98.0701 et seq.).
>
> During Plaintiff's tenancy, the premises have not been in a habitable condition, including, but not limited to, dry rot and damage to the stairs leading to Plaintiff's apartment, water being shut off by Mariners Cove without reasonable notice to Plaintiff, mold on the premises, termite

>damage, bird feces that is permitted to accumulate, exterior door that does not seal, and unreasonable and noxious odors that emanate from dumpster located outside of Plaintiff's apartment.

*Id.* at 15.

The Complaint asserts the following claims for relief: disability discrimination in violation of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. section 3604(f)(2)(A) and (C) (third claim); violation of the Fair Housing Act ("FHA"), 42 U.S.C. section 3604(f)(3)(B), for failure to make reasonable accommodations (fifth claim); violation of the FHA, 42 U.S.C. section 3617, for retaliation (sixth claim); violation of the FHA, 42 U.S.C. section 3604(c), for unlawful statements (seventh claim); and thirteen state-law claims.

## III. Discussion

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B. Disability Discrimination and Failure to make Reasonable Accommodations in Violation of 42 U.S.C. § 3604(f)(2)(A) and (C) (Third and Fifth Claims)

Defendants contend that Plaintiff has failed to allege any facts to "support his bald conclusion that Defendant discriminated against Plaintiff in the terms, conditions, or privileges of the rental of his unit." (ECF No. 3-2 at 18). Defendants contend that Plaintiff has failed to allege any facts demonstrating that Defendant discriminated against Plaintiff *because* Plaintiff is a member of a protected class. Defendants contend that Plaintiff has alleged no facts demonstrating discrimination against someone associated with Plaintiff. Finally, Defendants contend that Plaintiff has failed to identify a reasonable accommodation, communications with Defendants regarding a possible accommodation, or reasons why those accommodations were necessary.

Plaintiff asserts that he has alleged four pages of specific facts that show Defendants discriminated against him in the terms, conditions, or privileges of his rental unit. Plaintiff also asserts that he has alleged that he requested a three bedroom apartment and requested to be moved away from the dumpster in order to accommodate his disability.

42 U.S.C. sections 3604(f)(2)(A) and (C) make it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because

of handicap of .... that person; or .... any person associated with that person." 42 U.S.C. § 3604(f)(2)(A) and (C). "Discrimination" includes:

> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling....

42 U.S.C. § 3604(f)(3)(A) and (B). The Court of Appeals for the Ninth Circuit applies Title VII discrimination analysis in examining FHA discrimination claims. *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997). Under the *McDonnell Douglas* burden-shifting framework applicable in Title VII and FHA discrimination cases, "the plaintiff must first establish a prima facie case." *Id.*

In the case of intentional discrimination, the "plaintiff carries the initial burden of showing actions taken by the [defendant] from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion....'" *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 576 (1978) (applying *McDonnell Douglas* analysis in Title VII context). In the case of an alleged failure to make reasonable accommodations, "a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

The Complaint alleges that Defendants discriminated against Plaintiff, "a person with a disability, in the terms, conditions, or privileges of sale or rental of a dwelling,

or in the provision of services or facilities in connection with such dwelling, because of Plaintiff's disability...." (ECF No. 1 at 17). The Complaint alleges that this discrimination was "intentional, willful, and taken in disregard of the rights of Plaintiff." *Id.* at 18. The Complaint fails to specify what Defendants did that constitutes disability discrimination in violation of the FHA or which disabilities formed the basis of Defendants' discrimination. The Complaint fails to allege sufficient factual matter to permit the inference that Defendants actions were more likely than not motivated by discriminatory criteria, specifically, that Plaintiff was denied privileges given to other residents *because of* his disabilities. *Cf. Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279-80 (1979) (holding that equal protection clause intentional discrimination requires "a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group"). The Court concludes that Plaintiff has failed to state a claim for intentional disability discrimination.

As to the alleged failure to provide a reasonable accommodation, the Complaint alleges that "Plaintiff complained to corporate customer relations regarding his disability, the request for the three bedroom apartment .... and the necessity to have the dumpster relocated." (ECF No. 1 at 12). The Complaint alleges that "Mariners Cove failed to provide a reasonable accommodation, but instead engaged in retaliatory conduct against Plaintiff." *Id.* at 13. The Complaint fails to allege facts demonstrating that accommodations were necessary for a particular disability or that the requested accommodations would be reasonable. The Complaint also fails to allege facts demonstrating that Plaintiff requested accommodations based on his disability. The Court concludes that Plaintiff has failed to state a claim for violation of the FHA for intentional disability discrimination or for disability discrimination in the failure to accommodate Plaintiff's disabilities.

Defendants' motion to dismiss Plaintiff's third claim and fifth claims is granted.

**C. Retaliation in Violation of 42 U.S.C. § 3617 (Sixth Claim)**

Defendants contend that Plaintiff has failed to allege that he engaged in any protected activity. Defendants contend that Plaintiff has failed to allege that Defendants retaliated against Plaintiff *because of* Plaintiff's protected activity. Defendants contend that Plaintiff's allegations show that the alleged retaliation was in response to Plaintiff's "unilateral" installation of security cameras on Defendants' property and Plaintiff's failure to renew his annual lease within a required time. Plaintiff asserts that he alleged both specific requests for accommodations and specific adverse housing consequences as a result of these requests for accommodations. Plaintiff asserts that there is a causal link between the two, supporting a claim for retaliation.

42 U.S.C. section 3617 provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. To state a claim for retaliation under the Fair Housing Act, the plaintiff must show: (1) he engaged in protected activity; (2) adverse action causally linked to the protected activity; and (3) resulting damage. *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

The Complaint alleges that "Defendants coerced, intimidated, threatened, or interfered with Plaintiff in the exercise or enjoyment of, or on account of his having exercised or enjoyed any right granted or protected by the provisions of the Fair Housing Act, in violation of 42 U.S.C. § 3617." (ECF No. 1 at 20). The Complaint further alleges that "[i]n response to Plaintiff's installation of security cameras to monitor his door stoop, stairs, and parking space, Mariners Cove, including, but not limited to Maribel Robels, threatened and harassed him with legal action and eviction." *Id.* at 15. The Complaint alleges that although Plaintiff received a notice that his lease would not be renewed "without providing any explanation," he was later provided a

Case 3:14-cv-01689-WQH-NLS Document 7 Filed 10/14/14 PageID.168 Page 9 of 11

renewal of his lease, but "only after the expiration of the prior lease, and thus forcing Plaintiff into a month to month lease with a $300.00 increase until such time as he accepted the lease renewal." *Id.*

The allegations supporting Plaintiff's sixth claim are a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements...." *Iqbal*, 556 U.S. at 678. The factual allegations found elsewhere in the Complaint are also insufficient to state an FHA retaliation claim. The Complaint fails to sufficiently identify a protected activity that forms the basis for Plaintiff's retaliation claim. There is no authority for the proposition that Plaintiff's unilateral installation of security cameras on leased property is protected activity, *i.e.*, a "right granted or protected by section 3603, 3604, 3605, or 3606" of the FHA." 42 U.S.C. § 3617. As a result of the failure to identify a protected activity, the Complaint does not adequately allege an adverse action that is *causally linked* to a protected activity. The Complaint fails to identify any other protected activity. The Court concludes that the Complaint fails to state a retaliation claim under the FHA.

Defendants' motion to dismiss Plaintiffs' sixth claim is granted.

**D. Unlawful Statements in Violation of 42 U.S.C. § 3604(c) (Seventh Claim)**

Defendants contend that the Complaint fails to identify any statement by Defendants indicating an intention to make a preference against disabilities or to discriminate on the basis of disability. Plaintiff does not address the sufficiency of his seventh claim in opposition.

Section 3604(c) makes it unlawful to "make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c).

The Complaint lacks any factual allegations to support this claim. The only

- 9 -

14cv1689-WQH (NLS)

alleged statement related to "the sale or rental of a dwelling" is the oral promise to place Plaintiff on a waiting list for a three bedroom apartment. However, this statement does not "indicate any preference, limitation, or discrimination based on.... handicap...." 42 U.S.C. § 3604(c). The Court concludes that Plaintiff fails to state an unlawful statements claim under the FHA.

Defendants' motion to dismiss Plaintiffs' seventh claim is granted.

### E. State Law Claims

The Complaint's remaining claims assert violations of California law: violation of California's Fair Employment and Housing Act, violation of California Civil Code section 51, intentional infliction of emotional distress, violation of California Business and Professions Code section 17200, breach of the warranty of habitability (both statutory and common law), breach of the covenant of quiet enjoyment, violation of California Civil Code section 1942.5 *et seq.*, negligence, constructive eviction, breach of contract, negligent maintenance of the premises, and breach of the implied covenant of good faith and fair dealing. This case was removed to this Court on the basis of federal question jurisdiction. The notice of removal only states that this Court has supplemental jurisdiction over the remaining state-law claims. (ECF No. 1 at 3).

The federal supplemental jurisdiction statute provides: "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for

declining jurisdiction.

28 U.S.C. § 1367(c). Having dismissed all federal claims asserted by Plaintiff against Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co.*, 159 F.3d at 478.

## IV. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 3). The Complaint is DISMISSED without prejudice. No later than thirty (30) days from the date this Order is filed, Plaintiff may file a motion for leave to amend the Complaint accompanied by a proposed first amended complaint. The first amended complaint must be complete in itself and may not incorporate by reference prior versions of the complaint or other filings in this action. If Plaintiff does not file a motion for leave to amend, this case shall remain closed or be remanded to San Diego County Superior Court, where this case was originally filed.

DATED: 10/14/14

**WILLIAM Q. HAYES**
United States District Judge