**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES HAMILTON, an individual,<br>Plaintiff,<br>vs.<br>LINCOLN MARINERS ASSOCIATES LIMITED, dba MARINERS COVE APARTMENT HOMES, a limited liability company; AIMCO-GP, INC, a corporation; MARIBEL ROBLES, an individual; and DOES 1 through 20, inclusive,<br>Defendant. | CASE NO. 14cv1689-WQH (NLS)<br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to be Relieved as Counsel for James Hamilton filed by Donald R. Holben & Associates, APC (ECF No. 6).

**I. Background**

On June 11, 2014, Plaintiff James Hamilton commenced this action by filing the Complaint in San Diego County Superior Court. (ECF No. 1 at 9). On July 17, 2014, Defendants Lincoln Mariners Associates Limited, dba Mariners Cove Apartment Homes ("Mariners Cove"), Aimco-GP, Inc. ("Aimco"), and Maribel Robles (collectively "Defendants") removed to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2).

On September 23, 2014, Andrew A. Rosenberry and Donald R. Holben of Donald R. Holben & Associates, APC, Plaintiff's counsel of record, filed the Motion to be

Relieved as Counsel. (ECF No. 6). On November 6, 2014, Plaintiff James Hamilton filed an opposition. (ECF No. 12). On November 10, 2014, the Court issued an Order, finding that "there is insufficient information to determine whether good cause exists to permit Donald R. Holben and Associates, APC to withdraw as counsel of record in this case." (ECF No. 13 at 2). The Court stated that it "will allow Donald R. Holben & Associates, APC an opportunity to demonstrate good cause for withdrawal by filing declarations under seal, if necessary, to demonstrate good cause." *Id.*

On November 21, 2014, Donald R. Holben & Associates, APC filed two declarations and numerous exhibits under seal in support of its motion. (ECF No. 17). On December 11, 2014, Plaintiff James Hamilton filed numerous exhibits under seal in support of his opposition. (ECF No. 22). On December 14, 2014, Plaintiff James Hamilton filed a declaration and numerous exhibits under seal in support of his opposition. (ECF No. 25). On December 23, 2014, Donald R. Holben & Associates, APC filed an Objection to Documents Untimely filed by James Hamilton in Opposition to be Relived. (ECF No. 29). On February 5, 2015, the Court held a hearing on the Motion to be Relieved as Counsel for James Hamilton, with Plaintiff James Hamilton appearing pro se and Attorney Andrew Rosenberry appearing on behalf of Donald R. Holben & Associates, APC. (ECF No. 34).

**II. Discussion**

Donald R. Holben & Associates, APC contends that withdrawal is justified because there has been a breakdown in the attorney-client relationship between Donald R. Holben & Associates, APC and Plaintiff James Hamilton. Donald R. Holben & Associates, APC submits the declarations of Andrew Rosenberry and Donald Holben. Andrew Rosenberry and Donald Holben state that the parties dispute fees and states that Plaintiff James Hamilton owes the firm fees. Andrew Rosenberry and Donald Holben state that the parties have reached an impasse on case strategy. Andrew Rosenberry and Donald Holben state that the firm and Plaintiff James Hamilton no longer trust one another.

Plaintiff James Hamilton states that he has already paid more than he bargained for. Plaintiff James Hamilton states that Donald R. Holben & Associates, APC has misled him as to the nature of its fees and as to other aspects of his case.

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, No. C 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3-4 (N.D. Cal. December 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Among other things, courts ruling upon motions to withdraw as counsel have considered:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Irwin*, 2004 U.S. Dist. LEXIS 28264 at *4.

In the Southern District of California, Local Civil Rule 83.4 requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California ... which are now adopted as standards of professional conduct of this court." Local Civil Rule 83.4 also states that "[t]his specification will not be interpreted to be exhaustive of the standards of conduct[,]" and it references the Code of Professional Responsibility of the American Bar Association ("ABA").

California Rule of Professional Conduct 3-700 provides, in relevant part:

> Rule 3-700 Termination of Employment
>
> (A) In General.
>
> (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.
>
> (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules....
>
> (C) Permissive Withdrawal.

> [If the mandatory withdrawal provisions of 3-700(B) are inapplicable,] a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
> (1) The client
>
> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
>
> (b) seeks to pursue an illegal course of conduct, or
>
> (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
>
> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
>
> (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
>
> (f) breaches an agreement or obligation to the member as to expenses or fees.

Cal. Rules Prof. Conduct, Rule 3–700.

After reviewing the record and the reasons for withdrawal noted in the Motion to be Relieved as Counsel, the Court concludes that there is good cause to grant the Motion to be Relieved as Counsel. Specifically, California Rule of Professional Conduct 3-700 permits withdrawal where the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively" or "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rules Prof. Conduct, Rule 3-700(C)(1)(d),(f). Donald R. Holben & Associates, APC and Plaintiff James Hamilton have both submitted evidence demonstrating that substantial disputes have arisen between the law firm and Plaintiff James Hamilton over fees and case strategy. These disputes make it unreasonably difficult for Donald R. Holben & Associates, APC and Plaintiff James Hamilton to continue an effective attorney-client relationship.

The Court further concludes that the withdrawal will not unduly prejudice any litigant in this case. The case is in its early stages. The Court will give Plaintiff James

Hamilton sufficient time to obtain substitute counsel. The Court concludes that the "administration of justice" requires withdrawal to be permitted in this instance, given the grounds for withdrawal. *Irwin*, 2004 U.S. Dist. LEXIS 28264 at *4. Finally, the Court concludes that any delay that may be caused by withdrawal is outweighed by the grounds that exist for withdrawal.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to be Relieved as Counsel (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Andrew A. Rosenberry and Donald R. Holben shall serve a copy of this Order on Plaintiff James Hamilton.

IT IS FURTHER ORDERED that Plaintiff shall have **ninety (90) days** from the date this order is filed to notify the Court as to whether he will proceed *pro se* or retain new counsel.

DATED: February 5, 2015

**WILLIAM Q. HAYES**
United States District Judge